NATHANIEL WATSON *vs.* INHABITANTS OF CHARLESTOWN.

Where an insane person, who is not able to pay for his own support, is confined in a house of correction, under *St.* 1836, *c.* 223, the town in which he has a settlement is liable for his support in such house, if he have no parent, master, or kindred, liable by law to maintain him.

SHAW, C. J.  This is an action of assumpsit by the master of the house of correction in this county for the support of several insane persons, who had their legal settlement in the town of Charlestown.  It appears by the facts agreed, that the plaintiff was such master ; that the several persons were duly ordered to be confined to said house, as persons insane, but not furiously mad, and were there supported and maintained ; that the plaintiff's account was properly audited ; that the respective insane persons were unable to pay for their own support ; that neither of them, respectively, had any parent, kindred, master or guardian, liable by law to support them ; and that demand was made on the overseers of the poor of the defendant town, more than thirty days before this action was brought.  The question is, whether the defendant town is liable.  This depends on *St.* 1836, *c.* 223.  This statute directs, that apartments shall be provided, in the house of correction in each county, for the reception of idiots and lunatics, to be sent there in the manner directed.  It directs that provision shall be made for their comfortable support, and that they shall be employed and governed in such manner as the county commissioners may judge best ; and that such sum shall be allowed for their support as the commissioners shall direct :  And then it enacts, that if " there shall be no parent, kindred, master, guardian, town or city, obliged by law to maintain the person so confined, the sum allowed as aforesaid shall be paid out of the treasury of the Commonwealth."

This provision, if it stood alone, would convey a strong implication, that if there be any parent, master or town, liable for their support, then the remedy is to be had against such parent or town.  The town intended in this clause is explained by the succeeding section, in which, in reference to the same subject,

it is described as the "town or city in which such person may have a legal settlement."

But the court are of opinion, that the liability of the defendants does not stand merely on this implication. The act itself recognizes the previous existence of the house of correction, and laws and regulations to govern it. It was not the creation of a new establishment of a distinct county asylum for the insane ; but it was designed to appropriate a department of a county house already established, for purposes in some measure analogous. It therefore necessarily referred to those existing laws and regulations, so far as they were applicable, without repeating them in detail. In an opinion, given at the request of the House of Representatives, 1 Met. 572, we had occasion to review these acts, and we came to the conclusion, that those persons who were sent to the house of correction as vagrants or vicious paupers, for employment and reformation, were to be supported as paupers by themselves or their kindred, or the town of their legal settlement ; and that those who were sent there as convicts, for the punishment of their offences, were to be supported by the Commonwealth. In the case of vagrants, the Rev. Sts. c. 143, § 16, expressly authorize the keeper of the house of correction to maintain an action against the town where such person has his legal settlement, in case he is not himself able to pay, and no other person is liable. *Boston* v. *Westford*, 12 Pick. 16. *Robbins* v. *Weston*, 20 Pick. 112. *Boston* v. *Weston*, 22 Pick. 211.

It appears to us, that the legislature, in providing for adding this additional department to the house of correction, had reference to these preëxisting laws. These idiots and insane persons are certainly not convicts, or confined for punishment. Strictly, they are not vicious persons, requiring correction and amendment ; but they are poor and unfortunate persons, requiring a species of regimen and management which ordinarily cannot be had at almshouses. But we think it was not the intention of the legislature, in providing a more suitable place of retreat and relief for these unhappy persons, to alter the existing liability for their support, but to leave it, where it existed be-

fore, upon the town of their legal settlement, if there was no one subject to a prior liability, as established by the law *in pari materiâ.* Upon the facts agreed, the court are of opinion, that there must be

                                  *Judgment for the plaintiff.*

*E. R. Hoar,* for the plaintiff.
*Hopkinson,* for the defendants.